LOURIE, Circuit Judge,
concurring in part and dissenting in part.
I join the majority in all respects, except for its affirmance of the holding of inequitable conduct regarding the '115 patent. I respectfully dissent from that conclusion.
The district court found that the RFO prior art was material and not cumulative of what had been disclosed to the PTO. Praxair, Inc. v. ATMI, Inc., 489 F.Supp.2d 387, 393-94 (D.Del.2007). But its opinion indicates no evidence of intent to deceive by the inventors or their attorney. The court justified its inference of intent by indicating that RFOs were well known in the art and were used by Praxair prior to the filing of the patents that were held unenforceable. Id. at 395. The court noted that there was no evidence that the inventors or their attorney disclosed that art to the PTO, and that they offered no explanation for that omission. Id. The court then stated that “[i]n view of the high materiality of the RFO art withheld from the PTO and the absence of any explanation for the nondisclosure, an intent to deceive may be properly inferred in this case.” Id. The court cited Bruno Independent Living Aids, Inc. v. Acorn Mobility Services, Ltd., 394 F.3d 1348 (Fed.Cir.2005), for the proposition that an inference of deceptive intent may be inferred in view of the high materiality of the omitted prior art. Praxair, 489 F.Supp.2d at 395.
I believe the district court incorrectly conflated intent with materiality. It cited no evidence of intent to deceive. Non-citation of a reference does not necessarily justify an inference of intent to deceive. See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., 439 F.3d 1335, 1342-43 (Fed.Cir.2006) (finding a lack of good faith explanation of nondisclosure insufficient to infer intent to deceive the PTO). Bruno involved more egregious facts than appear here, in particular, in that case a reference was cited to the FDA, but not to the PTO. See id. Thus, intent was inferable because a decision was made that the reference was important to the FDA’s consideration and a contrary decision must have been made with respect to the PTO. Clearly, the omission in Bruno may be inferred to have been not inadvertent.
While a smoking gun may not be needed to show an intent to deceive, more is needed than materiality of a reference. The district court did not find anything further here. In addition, the court did not engage in any balancing of materiality and intent as is required by our precedent. N.V. Akzo v. E.I. DuPont de Nemours, 810 F.2d 1148, 1153 (Fed.Cir.1987).
Furthermore, the court did not make findings of knowledge of materiality sufficient for an inference of intent to deceive. The court found, and the majority now *1330 affirms, that Tolomei and LeFebre “had knowledge” of the RFO art. Praxair, Inc. v. ATMI, Inc., 489 F.Supp.2d at 395. However, that finding is insufficient. An inference of intent to deceive requires more than knowledge of the existence of the nondisclosed art; it also requires a finding that the applicant knew, or should have known, of the materiality of that art. Ferring B.V. v. Barr Labs., Inc., 437 F.3d 1181, 1191 (Fed.Cir.2006) (citing Bruno, 394 F.3d at 1354; Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 120 F.3d 1253, 1257 (Fed.Cir.1997)). The court made no mention of either attorney’s knowledge of the materiality of the RFO art, and no evidence of record demonstrates that they knew of the materiality of the RFO art. The majority states that “Tolomei at least was aware of its obvious materiality in light of’ the four statements made by Tolomei to the PTO during prosecution. That conclusion, however, is not supported by any finding of the district court.
Finally, I agree with the majority that, on the basis of the settlement agreement between the parties, we need not consider the district court’s denial of the request for a permanent injunction. However, I do question the high burden that the court set in reaching its conclusion.
The Supreme Court, in eBay, did not rule out entitlement to a permanent injunction when one competitor in a two-party market has been found to infringe a patent of another competitor. eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 394, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (“[W]e take no position on whether permanent injunctive relief should or should not issue in this particular case, or indeed in any number of other disputes arising under the Patent Act.”). It held only that the traditional four-factor test should be applied. Id. The district court here seemed to be impressed with the fact that both companies were large companies with substantial revenues, and that the infringing materials constituted a small portion of those revenues, implying that the patentee would not be sufficiently harmed by the denial of the injunction. Praxair, Inc. v. ATMI, Inc., 479 F.Supp.2d 440, 443-44 (D.Del.2007). However, it is important to recognize that a patent provides a right to exclude infringing competitors, regardless of the proportion that the infringing goods bear to a patentee’s total business. Therefore, provided the four-factor test has been met, a patentee should be able to exclude competitors who sell only a small amount of an infringing product or competitors whose sales of an infringing product constitute only a small portion of its sales or of the patentee’s sales. Otherwise, the patent right becomes devalued.
Thus, I dissent from the majority’s affir-mance of the holding of inequitable conduct with respect to the '115 patent.